**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rakesh K. Verma, a married man; Shweta Verma, a single woman,<br><br>    Plaintiffs,<br><br>vs.<br><br>The Creative Classics Company, an Arizona corporation,<br><br>    Defendant. | No. CV05-1909-PHX-FJM<br><br>**ORDER** |

    Plaintiffs sued defendant in the Superior Court of Arizona, claiming that defendant breached a contract for the sale of real property in Buckeye, Arizona. Plaintiffs request specific performance of the contract, or, in the alternative, contract damages. Defendant removed the action to federal court, asserting that the matter falls within federal diversity jurisdiction. Plaintiffs filed a Motion to Remand for Lack of Subject Matter Jurisdiction (doc. 4), defendant filed a response (doc. 5), and plaintiff filed a reply (doc. 6), all of which are before us. The issue is whether plaintiffs' claim for specific performance satisfies the jurisdictional amount in controversy requirement.

    In the Ninth Circuit, the amount in controversy requirement can be satisfied by looking to either the value of a plaintiff's potential recovery, or the amount that it would cost a defendant to comply with an adverse judgment. This is referred to as the "either viewpoint"

rule. Ridder Bros., Inc. v. Blethen, 142 F.2d 395, 399 (9th Cir. 1944) ("[T]he value of the thing sought to be accomplished by the action may relate to either or any party to the action.") (internal quotation omitted); In re Ford Motor Company, 264 F.3d 952, 958 (9th Cir. 2001).

Plaintiffs argue that neither viewpoint would sufficiently meet the amount in controversy requirement. Plaintiffs contend that there is an insufficient amount in controversy from the plaintiffs' viewpoint because the very nature of a suit for specific performance suggests that the value of the property to the plaintiffs is "un-measurable," and therefore not clearly in excess of $75,000. Plaintiffs contend that there is an insufficient amount in controversy from the defendant's perspective because, if granted specific performance, plaintiffs would be required to pay the contract price, therefore reducing defendant's cost of compliance to zero.

Defendant disputes plaintiffs' contention that there is an insufficient amount in controversy from the plaintiffs' viewpoint. Defendant suggests that we follow the Fifth and Eleventh Circuits, both of which have held that, in regard to a claim for specific performance of real property, the monetary value of the property be considered the amount in controversy. Occidental Chemical Corporation v. Bullard, 995 F.2d 1046, 1047 (11th Cir. 1993); Ebensberger v. Sinclair Refining Co., 165 F.2d 803, 805 (5th Cir. 1948).

Plaintiffs contend, however, that this is inconsistent with Ninth Circuit doctrine because, under the "either viewpoint" rule, the amount in controversy is "determined by the value or cost of performance to the parties rather than the objective or contract value of the property itself." Plaintiffs' Reply Memorandum at 2. However, we are not aware of any Ninth Circuit case which holds that the contract price for real property cannot approximate the value of the property to the plaintiffs, and accordingly, be deemed the amount in controversy. Moreover, it is the general rule outside this circuit that "[i]n a suit for specific performance of a contract to sell land, it is the fair market value of the land that is in controversy." 20 CHARLES ALAN WRIGHT & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE DESKBOOK § 35 (2002). See also 32A AM. JUR. 2D Federal Courts § 1170

rule. Ridder Bros., Inc. v. Blethen, 142 F.2d 395, 399 (9th Cir. 1944) ("[T]he value of the thing sought to be accomplished by the action may relate to either or any party to the action.") (internal quotation omitted); In re Ford Motor Company, 264 F.3d 952, 958 (9th Cir. 2001).

Plaintiffs argue that neither viewpoint would sufficiently meet the amount in controversy requirement. Plaintiffs contend that there is an insufficient amount in controversy from the plaintiffs' viewpoint because the very nature of a suit for specific performance suggests that the value of the property to the plaintiffs is "un-measurable," and therefore not clearly in excess of $75,000. Plaintiffs contend that there is an insufficient amount in controversy from the defendant's perspective because, if granted specific performance, plaintiffs would be required to pay the contract price, therefore reducing defendant's cost of compliance to zero.

Defendant disputes plaintiffs' contention that there is an insufficient amount in controversy from the plaintiffs' viewpoint. Defendant suggests that we follow the Fifth and Eleventh Circuits, both of which have held that, in regard to a claim for specific performance of real property, the monetary value of the property be considered the amount in controversy. Occidental Chemical Corporation v. Bullard, 995 F.2d 1046, 1047 (11th Cir. 1993); Ebensberger v. Sinclair Refining Co., 165 F.2d 803, 805 (5th Cir. 1948).

Plaintiffs contend, however, that this is inconsistent with Ninth Circuit doctrine because, under the "either viewpoint" rule, the amount in controversy is "determined by the value or cost of performance to the parties rather than the objective or contract value of the property itself." Plaintiffs' Reply Memorandum at 2. However, we are not aware of any Ninth Circuit case which holds that the contract price for real property cannot approximate the value of the property to the plaintiffs, and accordingly, be deemed the amount in controversy. Moreover, it is the general rule outside this circuit that "[i]n a suit for specific performance of a contract to sell land, it is the fair market value of the land that is in controversy." 20 CHARLES ALAN WRIGHT & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE DESKBOOK § 35 (2002). See also 32A AM. JUR. 2D Federal Courts § 1170

1  (1995). Furthermore, if the plaintiffs were correct that a claim for specific performance is
2  "un-measurable" from the plaintiffs' viewpoint, then the federal courts would rarely, if ever,
3  have jurisdiction to hear a contract claim for specific performance, absent a sufficient
4  pendant claim. For these reasons, and given the absence of contrary authority in the Ninth
5  Circuit, the court will use the contract price as the amount in controversy.

6      The purchase contract valued each of two properties at $111,130. The price for each
7  property exceeds $75,000, and therefore there is a sufficient amount in controversy to
8  establish diversity jurisdiction. It is therefore unnecessary to consider the issue of
9  aggregation of claims. The plaintiffs' Motion to Remand is accordingly denied.

10     Plaintiffs further argue that it is inefficient and inconvenient for the defendant to
11 remove since there are at least four other actions now pending in the Superior Court of
12 Arizona regarding this issue. While defendant is correct that this is not a jurisdictionally
13 significant argument, it is nonetheless compelling, and we regret that the removal will
14 prevent the consolidation of all cases. The orderly administration of justice would have been
15 advanced by assignment to a single court.

17     **IT IS ORDERED DENYING** Plaintiffs' Motion to Remand for Lack of Subject Matter
18 Jurisdiction (doc. 4).

20     DATED this 6th day of October, 2005.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge